**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**LANDMARK AMERICAN INSURANCE COMPANY**                                   **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 2:11cv189KS-MTP**

**RYAN GATCHELL**                                                              **DEFENDANTS**


## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Dismiss **[#7]** filed on behalf of the

defendant, Ryan Gatchell ("Gatchell").  The court, having reviewed the motion, the

response, the briefs of counsel, the authorities cited, the pleadings and exhibits on file

and being otherwise fully advised in the premises finds that the defendant's motion to

dismiss is not well taken and should be denied.  The court finds specifically as follows:


## BACKGROUND

This lawsuit involves a dispute involving a commercial property insurance policy

(hereinafter "the insurance policy") issued by Landmark to the insured, Ryan Gatchell,

policy number LBA08499200, which was effective from September 22, 2010 through

September 22, 2011.  The insurance policy provided a limit of $90,000.00 in coverage

for each of the buildings located at 1807 and 1811 5th Avenue, Laurel, Mississippi

39440, subject to an 80% coinsurance provision and a $1,000.00 deductible, and

subject to the policy's terms, conditions, exclusions and provisions.  The policy also

provided coverage for five other locations.

Following a November 11, 2010 fire that completely destroyed the two-story apartment building located at 1807 5th Avenue, Laurel, Mississippi, Gatchell submitted a claim to Landmark for the fire loss.  Landmark's investigation of the loss revealed an alleged question regarding whether Gatchell possessed an insurable interest in the property located at 1807 5th Avenue at the time of the fire, and whether Gatchell had a right of recovery under the Landmark policy.  Landmark then filed the instant lawsuit for declaratory judgment on September 14, 2011 for a determination of those issues.

 On October 5, 2011, Gatchell filed his motion to dismiss the complaint for declaratory judgment pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(7), arguing that the court lacks subject matter jurisdiction because the matter in controversy does not exceed $75,000.00 and that Landmark failed to join PriorityOne Bank as a necessary party to the lawsuit.

## STANDARD OF REVIEW

A Rule 12(b)(1) motion attacks the court's jurisdiction to hear and to decide any issues in the case and therefore the court must address that at any time during the pendency of the litigation that is asserted or even indeed upon its own motion.  *See Williamson v. Tucker*, 645 F. 2d 404 (5th Cir. 1981).  It is well settled that on a 12(b)(1) motion the court may go outside the pleadings and consider additional facts, whether contested or not and may even resolve issues of contested facts.

Rule 12(b)(7) provides for dismissal for failure to join a necessary party as provided in Rule 19.  Rule 19 of the Federal Rules of Civil Procedure governs joinder of persons needed for just adjudication and provides that

-2-

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a).  The Rule entails a twofold inquiry: (1) whether the party should be joined if feasible; and (2) whether, if joinder is not possible, the action should be dismissed. *A.J. Kellos Constr. Co., Inc. v. Balboa Ins. Co.*, 495 F. Supp. 408, 413 (S.D. Ga. 1980).

"Compulsory joinder is an exception to the general practice of giving plaintiff the right to decide who shall be the parties to a lawsuit.  Although a court must take cognizance of this traditional prerogative in exercising its discretion under Rule 19, plaintiff's choice will have to be compromised when significant countervailing considerations make the joinder of  particular absentees desirable." 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §1602 (3rd ed. 2001).

Moreover, "[t]he federal rules seek to bring all persons that may have an interest in the subject of an action together in one forum so that the lawsuit can be fairly and completely disposed of." *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986) (citing the advisory committee note).  In accord, "Rule 19 seeks to bring into a lawsuit all those persons who ought to be there by requiring joinder." *Id.*  However, Rule 19 does not set forth a rigid or mechanical formula for decision. *JTG of Nashville, Inc. v. Rhythm*

*Band, Inc.*, 693 F. Supp.  623, 625 (M.D. Tenn. 1988) (citations omitted).  The Rule "is designed to encourage courts to apprise themselves of the 'practical considerations' of each individual case in light of the policies underlying the [R]ule." *Id.*

## ANALYSIS

The complaint for declaratory judgment filed by Landmark was brought pursuant to 28 U.S.C. § 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between … Citizens of different States…." 28 U.S.C. § 1332(a).  It is well-settled that the party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000.00.  *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

Gatchell originally argued that the amount in controversy requirement was not met in this case.  However, he has now conceded that this requirement is satisfied and has withdrawn the portion of his motion under Rule 12(b)(1) dealing with this issue.  All that remains is the joinder issue covered by Rules 12(b)(7) and 19.

Landmark argues that Gatchell erroneously contends that the complaint for declaratory judgment must be dismissed under Fed. R. Civ. P. 19 for failure to join an indispensable party, PriorityOne Bank, to this lawsuit.   To prevail on his motion to dismiss under Fed. R. Civ. P. 19, Gatchell must show that PriorityOne Bank "should be joined if feasible" (i.e., that PriorityOne Bank is a "necessary" party), that PriorityOne

Bank's joinder is not feasible and that, in PriorityOne Bank's absence, the action cannot proceed in equity and good conscience (i.e., that PriorityOne Bank is an "indispensable" party). *Toyota Motor Sales, U.S.A., Inc. v. Farr*, 237 F. Supp. 2d 703, 706 (S.D. Miss. 2002). Landmark asserts that Gatchell has not made any of these showings, and his motion to dismiss should be denied.

A party is considered an indispensable party under Fed. R. Civ. P. 19 if the court finds that, as a matter of equity and good conscience, the lawsuit cannot proceed without the absent party. *Sandefer Oil & Gas, Inc. v. Duhon*, 871 F.2d 526, 529 (5th Cir. 1989); *Farr*, 237 F. Supp. 2d at 705. In this case, PriorityOne Bank allegedly obtained ownership of the property at 1807 and 1811 5th Avenue, Laurel, Mississippi by purchasing the property at a foreclosure sale on September 24, 2010, after the purported former owner of the property, Christopher Johansen, defaulted on a loan from PriorityOne Bank that was secured by a land deed of trust for that property.

Despite Gatchell's arguments to the contrary, Landmark contends that this lawsuit can proceed in equity and good conscience without PriorityOne Bank. Landmark's complaint for declaratory judgment seeks a ruling from the court regarding Gatchell's right and extent of recovery under the Landmark policy for the fire loss. Landmark contends that PriorityOne Bank has no claim to any proceeds under the Landmark insurance policy because PriorityOne Bank is not named anywhere in the insurance policy and never has been a party to the insurance contract between Landmark and Gatchell. Landmark thus asserts it has no obligation to PriorityOne Bank arising out of the insurance contract. In addition, Gatchell has no relationship of any kind with PriorityOne Bank as it relates to the property where the fire loss occurred. As

-5-

a result, Landmark argues this court can make a determination concerning Gatchell's interest in the property at the time of the fire loss and his right of recovery under the policy without the presence of PriorityOne Bank in this lawsuit.

However, Gatchell contends that the threshold question to be answered prior to this litigation proceeding is who owns the property at 1807 5th Avenue, Laurel, Mississippi as between Gatchell and PriorityOne Bank. Landmark alleges in its Complaint that, "[a]s a result of PriorityOne Bank's foreclosure and sole ownership of the property located at 1807 and 1811 5th Avenue, Laurel, Mississippi, Landmark is uncertain whether defendant possessed an insurable interest in the property located at 1807 5th Avenue, Laurel, Mississippi, at the time of the November 22, 2010 fire." Gatchell thus argues that the only reason Landmark gives as to why its Complaint for Declaratory Judgment was filed is to have this court determine how PriorityOne Bank's supposed ownership of the property at 1807 5th Avenue would affect Gatchell's insurable interest. The court agrees.

PriorityOne Bank's ownership of the property is presently being challenged by Gatchell in a separate suit in the Circuit Court for the Second Judicial District of Jones County, Mississippi. Until a disposition is reached in that action, Gatchell asserts that Landmark's Complaint for Declaratory Judgment is premature and would force this court to issue a ruling without having the benefit of all available, necessary information at its disposal for consideration.

After a complete analysis of this case, the court concludes that PriorityOne Bank is a necessary, but not indispensable party, to this action. As such, joinder of PriorityOne Bank would be preferred to resolve the issue of ownership of the insured

property, but for the fact that Gatchell has a pending action in state court to resolve it. That being said, the court finds no reason to dismiss this matter.  It is legitimately before this court.  However, before the court can resolve the issue of the insurable interest, if any, of Gatchell in the destroyed property, ownership thereof must be established. Thus, even though the court declines to dismiss this action, or join PriorityOne Bank because of the pending state court action, a stay is warranted until the state court rules on the ownership issue.  This will prevent unnecessary and duplicative litigation.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss **[#7]** filed on behalf of the defendant, Ryan Gatchell is denied.

IT IS FURTHER ORDERED AND ADJUDGED that this matter is stayed until ten days after the state court litigation resolving the ownership issue of the destroyed property is concluded, at which times the parties will jointly contact the Magistrate Judge for a termination of this stay and entry of a new case management order.

SO ORDERED AND ADJUDGED this the 22nd day of November, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE