**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**LANDMARK AMERICAN INSURANCE
COMPANY**                                                                **PLAINTIFF**

**V.**                                                     **CIVIL ACTION NO. 2:11cv189-KS-MTP**

**RYAN GATCHELL**                                                        **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Plaintiff Landmark American Insurance

Company's Motion for Summary Judgment [39].  Having considered the submissions of

the parties, the record, and the applicable law, the Court finds that the motion is well

taken and should be granted.

**I.  BACKGROUND**

This is a declaratory judgment action concerning insurance coverage for fire

damage to a two-story apartment building located at 1807 5th Avenue, Laurel,

Mississippi, 39440 (the "Subject Property" or "Insured Premises").  Defendant Ryan

Gatchell is the named insured under Insurance Policy No. LBA08499200 (the "Policy")

[8-1], which was issued by Landmark American Insurance Company ("Landmark").  The

Policy specifies a coverage period of September 22, 2010 to September 22, 2011, and

provides a $90,000.00 limit of insurance for the Insured Premises.

Gatchell claims that he paid Christopher Johansen $52,980.00 in exchange for a

50% ownership interest in the Subject Property via a verbal agreement in May of 2007.

Furthermore, Gatchell purportedly obtained the remaining interest in the Subject

Property pursuant to a subsequent verbal agreement with Johansen in the summer of

2010.  It is undisputed that no documents reflecting a change of ownership from

Johansen to Gatchell were ever filed in the Jones County, Mississippi land records. Also, the land records clearly evidence the following chain of title pertinent to this dispute. On July 18, 2006, Johansen executed a Deed of Trust [39-4] encumbering the Subject Property in favor of PriorityOne Bank ("PriorityOne") in exchange for a loan in the amount of $54,058.00. Johansen subsequently defaulted on his payment obligations under the Deed of Trust. (*See* Substituted Trustee's Deed [39-5].) PriorityOne thus instituted foreclosure proceedings resulting in the Subject Property being sold to PriorityOne in exchange for a bid of $25,600.00 at a foreclosure sale on September 24, 2010. (*See* Substituted Trustee's Deed [39-5].) The Substituted Trustee's Deed, effecting the conveyance of the Subject Property to PriorityOne, was executed on September 29, 2010.

On November 22, 2010, a fire completely destroyed the apartment building on the Insured Premises. Gatchell subsequently submitted a claim for insurance proceeds to Landmark. Landmark then filed its Complaint for Declaratory Judgment ("Complaint") [1] pursuant to Federal Rule of Civil Procedure 57 and Title 28 U.S.C. § 2201. Subject matter jurisdiction is asserted on the basis of diversity of citizenship between Landmark and Gatchell. *See* 28 U.S.C. § 1332. The Complaint requests a judicial declaration regarding whether Gatchell possessed an insurable interest in the Subject Property at the time of the fire loss.

On January 26, 2015, Landmark filed its Motion for Summary Judgment [39]. Landmark seeks an order holding that Gatchell is not entitled to any insurance benefits under the Policy. The motion has been fully briefed and the Court is ready to rule.

## II. DISCUSSION

### A.    Standard of Review

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a). Initially, the movant has "the burden of demonstrating the absence of a genuine issue of material fact."  *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).  If the movant meets this burden, the nonmovant must go beyond the pleadings and point out specific facts showing the existence of a genuine issue for trial.  *Id.*  "An issue is material if its resolution could affect the outcome of the action."  *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)).  "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party."  *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence.  *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (quoting *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)).  When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party."  *Sierra Club, Inc.*, 627 F.3d at 138.  However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not

adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary Judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp.*, 477 U.S. at 322).

   **B.   Analysis**

   Landmark argues that Gatchell cannot recover under the Policy because he lacked an insurable interest in the Subject Property at the time of the fire on November 22, 2010. "Mississippi follows the general rule that for a purchaser of an insurance policy to be entitled to proceeds from such policy, the purchaser must have an insurable interest in the property or life insured." *First Colony Life Ins. Co. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009) (citing *Se. Fid. Ins. Co. v. Gann*, 340 So. 2d 429, 434 (Miss. 1976); *Nat'l Life & Accident Ins. Co. v. Ball*, 157 Miss. 163, 127 So. 268, 268 (Miss. 1930)).[1] The rationale for the rule is to prevent one without an interest in property from wagering on its destruction pursuant to an insurance contract. *See Aetna Cas. & Sur. Co. v. Davidson*, 715 F. Supp. 775, 777 (S.D. Miss. 1989) (citing *Ball*, 127 So. at 268). As to property insurance, the insurable interest must exist at the time the policy is

_____

   [1] The Court applies Mississippi's substantive law in this diversity case involving the issue of insurance coverage for damage to property located in Mississippi. *Cf. Consol. Cos., Inc. v. Lexington Ins. Co.*, 616 F.3d 422, 425-26 (5th Cir. 2010) ("Because this diversity case involves 'the interpretation of insurance policies issued in Louisiana for property located in Louisiana,' that state's substantive law controls.") (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007)).

issued and at the time of the loss.  *See, e.g.*, *Nationwide Mut. Ins. Co. v. Baptist*, No. 2:12cv97, 2013 WL 4829262, at *2 (N.D. Miss. Sept. 10, 2013), *aff'd*, 762 F.3d 447 (5th Cir. 2014); *Rentrop v. Trustmark Nat'l Bank*, No. 1:07cv384, 2008 WL 4371375, at *2 (S.D. Miss. Sept. 18, 2008); *Camden Fire Ins. Ass'n v. Koch*, 216 Miss. 576, 63 So. 2d 103, 105 (Miss. 1953).[2]  The requisite interest may exist in a strict legal sense, such as title ownership, or be equitable in nature, such as a mortgage lender's lien on insurance proceeds.  *See* Jackson, *supra*, § 15:5 (citations omitted).

Landmark contends that the pre-loss verbal agreements between Gatchell and Johansen failed to convey legal title to or ownership of the Subject Property.  Gatchell does not appear to contest this point in opposition to summary judgment.  Rather, Gatchell focuses on his purported equitable interest in the Subject Property.  A verbal agreement to convey real property fails to pass legal title under Mississippi law.  *See, e.g.*,  Miss. Code Ann. § 89-1-3; *Cooper v. United States*, 8 Cl. Ct. 253, 254 (Cl. Ct. 1985); *Smith v. Taylor*, 183 Miss. 542, 184 So. 423, 424 (Miss. 1938).  Therefore, there is no genuine issue as to any material fact precluding the Court from holding that Gatchell lacked an insurable interest in the Subject Property at the time of the loss based on legal title.

Landmark further argues that "Gatchell acquired no greater interest in the property than Johansen had, and that interest, legal, equitable or otherwise, was extinguished by the pre-loss foreclosure."  (Pl.'s Mem. Brief in Supp. of Mot. for SJ [40]

---

[2] A different rule applies in the case of "life insurance, where the extinguishment of an insurable interest after issuance will not affect the validity of a life policy . . . ." Jeffrey Jackson, *Mississippi Insurance Law and Practice* § 4:13 (2014).

at p. 15.)  Gatchell does not dispute the validity of the conveyance by foreclosure. Gatchell argues that he possessed a pecuniary interest in the Subject Property at the time of the fire, which is all that is required to establish an insurable interest, notwithstanding the prior foreclosure sale.  For the reasons discussed below, the Court also determines that there are no fact issues barring a summary judgment ruling in Landmark's favor regarding whether Gatchell possessed a non-legal, yet cognizable insurable interest.

It is well established under Mississippi law that "[a]fter a foreclosure sale, the debtor is divested of all legal and equitable interest in the foreclosed property."  *Moore v. Marathon Asset Mgmt., LLC*, 973 So. 2d 1017, 1021 (¶ 18) (Miss. Ct. App. 2008) (citations and internal quotation marks omitted); *see also Pepper v. Homesales, Inc.*, No. 1:08cv344, 2009 WL 544141, at *5 (S.D. Miss. Mar. 3, 2009) (holding that a lawful foreclosure sale extinguished any rights the plaintiff-mortgagor had in the subject property) (citing *Peoples Bank & Trust Co. & Bank of Miss. v. L & T. Developers, Inc.*, 434 So. 2d 699, 708 (Miss. 1983)).  Mississippi does not recognize any equity of redemption subsequent to a valid foreclosure.  *See, e.g.*, *Dean v. Simpson*, 235 Miss. 162, 108 So. 2d 546, 549 (Miss. 1959); *Anderson v. Kimbrough*, 741 So. 2d 1041, 1047 (¶ 22) (Miss. Ct. App. 1999).  The extinguishment of a mortgagor's rights to property extends to "those claiming by and through the mortgagor."  *OMP v. Sec. Pac. Bus. Fin., Inc.*, 716 F. Supp. 239, 250 (N.D. Miss. 1988) (citing *L & T. Developers, Inc.*, 434 So. 2d 699).

In congruence with the preceding rules, both Judge Aycock, for the Northern District of Mississippi, and Judge Lee, for the Southern District of Mississippi, have

found a foreclosure sale to negate the existence of an insurable interest, thus precluding the payment of insurance proceeds. *See Baptist*, 2013 WL 4829262, at *3; *State Farm Fire & Cas. Co. v. Ramsey*, 719 F. Supp. 1337, 1341-42 (S.D. Miss. 1989).[3] In *Baptist*, the defendants continued to live in the subject premises after the foreclosure and until it was destroyed by fire. *See* 2013 WL 4829262, at *2. The insurer subsequently filed a declaratory judgment action and sought summary judgment on the principal basis that the defendants lacked an insurable interest in the property. *See id.* at *1-2. The district court found "the policy at issue void due to the foreclosure of the insured property" and granted the motion for summary judgment. *Id.* at *2. An analogous fact pattern was at issue in *Ramsey*. Willie Ramsey continued to live at the subject property during the approximate three-month period between the foreclosure and the fire loss. *See Ramsey*, 719 F. Supp. at 1339. State Farm Fire and Casualty Company ("State Farm") moved for summary judgment, arguing that neither Ramsey nor his estranged wife, who never lived at the subject premises, could obtain proceeds for dwelling coverage since neither individual possessed an insurable interest at the time of the loss. *See id.* The court accepted this argument:

> [I]t is clear that after the foreclosure sale by Tower on June 18, 1987, Tower was the sole owner of the dwelling and neither Georgia Ramsey nor Willie Ramsey had an insurable interest in the property. Consequently, neither is entitled to recover under the dwelling provisions of the subject policy.

---

[3] *Accord Jones v. Tex. Pac. Indem. Co.*, 853 S.W.2d 791, 795 (Tex. App. 1993) (finding that the plaintiffs became tenants at sufferance following a foreclosure and lacked an insurable interest in the dwelling in part because they were subject to immediate eviction and had no future legal interest in the property).

*Id.* at 1341.[4]

Pursuant to the settled law of Mississippi, PriorityOne's purchase of the Subject Property at foreclosure in September of 2010 extinguished any legal or equitable interest claimed by Johansen and/or Gatchell. *See, e.g.*, *OMP*, 716 F. Supp. at 250; *Dean*, 108 So. 2d at 549; *Moore*, 973 So. 2d at 1021 (¶ 18). Gatchell could not acquire any rights to the Subject Property greater than those of Johansen even assuming the validity of their transactions. *See Williamson v. DeBruce*, 213 Miss. 530, 57 So. 2d 167, 169 (Miss. 1952) ("the grantee acquires nothing more than the grantor owns and can convey"). As a result, like the defendants in *Ramsey* and *Baptist*, Gatchell lacked an insurable interest in the Subject Property at the time of the loss on November 22, 2010, due to the existence of the prior foreclosure.

The facts urged by Gatchell in opposition to summary judgment are immaterial and unavailing. Gatchell asserts that he lacked any notice of PriorityOne's foreclosure at the time of the fire. (*See* Gatchell Decl. [42-1] at ¶¶ 4-5.) This ignores the fact that notice of the impending sale was advertised in a newspaper for several weeks, as statutorily required and documented in the Proof of Publication accompanying the Substituted Trustee's Deed [39-5]. *See* Miss. Code Ann. § 89-1-55 (providing that lands sold under mortgages are to be advertised by newspaper for three consecutive weeks).

---

[4] Judge Lee denied State Farm's request for summary judgment on Georgia and Willie Ramsey's claims for contents coverage due to the existence of fact issues. *See id.* at 1343, 1344. State Farm had argued that Georgia Ramsey's claim was precluded due to her failure to file a proper proof of loss, and that Willie Ramsey misrepresented material facts during the insurance investigation. *See id.* Neither party in this case has shown that Gatchell's claim for insurance proceeds encompasses damage to certain property that could be considered separate and apart from the Insured Premises, which was foreclosed upon prior to the fire loss.

Furthermore, it is not evident to the Court how PriorityOne would have known to place Gatchell on notice by other means since his purported interest in the Subject Property was not recorded in the Jones County land records. Gatchell also declares that he was in possession of the Subject Property and making repairs shortly before the loss. (*See* Gatchell Decl. [42-1] at ¶ 6.) Gatchell's possession and use of the Subject Property at the time of the loss are irrelevant since his legal and equitable rights to the same were terminated by the September 29, 2010 conveyance to PriorityOne. *Cf. Baptist*, 2013 WL 4829262, at *2, 3 (finding no insurable interest even though the defendants continued to live at the property after the foreclosure); *Ramsey*, 719 F. Supp. at 1339, 1341 (same as to Willie Ramsey). Gatchell further states that he was "still receiving rental income from the tenants of the property" in November of 2010. (Gatchell Decl. [42-1] at ¶ 7.) The problem for Gatchell is that his pecuniary interests in the Subject Property were inextricably intertwined with the purported ownership interest he obtained from Johansen, which was subject to and overtaken by PriorityOne's mortgage lien.[5] Thus, the pre-loss termination of Johansen/Gatchell's legal and equitable interests via PriorityOne's foreclosure renders moot any pecuniary benefits later accruing to Gatchell for purposes of the Court's insurable interest analysis.

Finally, Gatchell's citation to *Gann*, 340 So. 2d 429, does not negate Landmark's right to summary judgment. In *Gann*, the Mississippi Supreme Court affirmed the trial court's ruling that Melvin Gann possessed an insurable interest in a building destroyed by fire. *See* 340 So. 2d at 431, 433-34. Although legal title to the building was held in

---

[5] Gatchell has not presented any evidence showing that his receipt of rental income was premised on any separate and independent legal rights or obligations.

the name of a separate entity, the Ponderosa Country Club, Inc. (the "Club"), Gann had an economic interest in the property. *See id.* at 433-34. *Gann* is distinguishable from this case in several respects. First, there was no foreclosure proceeding cutting off all of Gann's equitable interests in the building prior to the subject fire. Second, there was a close, economic relationship between Gann and the owner of the building before and after the loss. Gann's efforts led to the creation of the Club and the conveyance of land to the Club; Gann was the Club's president and manager; and, Gann purchased all of the Club's outstanding stock and paid off the indebtedness on the building after the fire. *See id.* at 430, 431, 433. No similar ties between Gatchell and PriorityOne, the record owner of the Subject Property at the time of the loss, have been brought to the Court's attention. Third, the Mississippi Supreme Court noted an absence of evidence showing that anyone other than Gann possessed an interest in the property. *See id.* at 433. The land records before this Court fail to show that Gatchell possessed any interest in the Subject Property.

### III.  CONCLUSION

Landmark is entitled to judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Summary Judgment [39] is granted. Plaintiff Landmark American Insurance Company has no obligation to indemnify Defendant Ryan Gatchell under Insurance Policy No. LBA08499200 for the fire loss occurring on November 22, 2010, because the Defendant lacked an insurable interest in the Subject Property at the time of the loss. A separate

judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 21st day of April, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE